ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
JUN 23 2006
U.S. COURT OF FEDERAL CLAIMS

COLORADO DEPARTMENT OF HUMAN SERVICES, DIVISION OF VOCATIONAL REHABILITATION :

and :

DON E. HUDSON, :

Plaintiffs, :

v. : Case No. 06-480 C

THE UNITED STATES OF AMERICA, :

Defendant. :

* * * ooo0ooo * * *

# COMPLAINT

The Colorado Department of Human Services, Division of Vocational Rehabilitation ("DVR") and Don E. Hudson, by their attorneys, state and allege as follows:

## NATURE OF THE CASE

1. This is an action for injunctive relief to require the United States and its agency, the Department of the Air Force ("the Air Force"), to award the contract for full food services at the High Country Inn dining facility at the United States Air Force Academy to DVR and Mr. Hudson. Following a proper solicitation, the Air Force notified DVR that it was "the apparent successful offeror." Although there has been no change in circumstances that would justify a failure to award the contract, the Air Force is refusing to award the contract to DVR and Mr. Hudson and has indicated that it intends to re-issue the solicitation.

2. The relief requested is necessary to prevent the Air Force from ignoring the results of DVR's and Mr. Hudson's successful bid on the solicitation.

## PARTIES

3. Plaintiff Colorado Department of Human Services, Division of Vocational Rehabilitation is a state governmental agency responsible for assisting people whose disabilities create barriers to employment to succeed at work and live independently. As the designated state licensing agency under the Randolph-Sheppard Act, DVR issues licenses to qualified blind persons to operate vending facilities, including cafeterias, on state and federal property pursuant to 20 U.S.C. §§ 107 *et seq.* *See* Colo. Rev. Stat. §§ 26-8.5-100.1 *et seq.*

4. Plaintiff Don E. Hudson is a Colorado resident licensed by DVR to operate vending facilities on state and federal property pursuant to Colo. Rev. Stat. §§ 26-8.5-100.1 *et seq.* Mr. Hudson currently operates the High Country Inn and would continue to operate that facility if Plaintiffs prevail in this matter.

5. Defendant United States of America, through its department, the United States Air Force, operates the United States Air Force Academy ("USAFA") in Colorado Springs, Colorado. The High Country Inn dining facility is located at the USAFA.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. § 1491.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1491.

## FACTUAL ALLEGATIONS

8. Under the provisions of the Randolph-Sheppard Act ("Act"), 20 U.S.C. § 107 *et seq.*, the federal government, in partnership with the Colorado Department of Human Services ("Department"), Division of Vocational Rehabilitation ("DVR"), Business Enterprise Program ("BEP"), provides entrepreneurial opportunities for licensed blind vendors in Colorado by means of a priority when bidding on contracts to operate food services on federal property.

9. DVR and Mr. Hudson currently operate the High Country Inn at the USAFA. The operation has consistently provided high quality food at a reasonable price and has been recognized for its good service, winning multiple awards.

10. In 2005, the Air Force approached DVR and Mr. Hudson regarding the possibility of a new contract for the operation of the High Country Inn. The Air Force requested a significantly lower price for the same service as currently provided. DVR and Mr. Hudson explained to the Air Force that the price demanded by the Air Force was not realistic for the services it requested.

11. In February 2006, the Air Force issued Solicitation FA7000-06-R-0003 for Full Food Services at the High Country Inn dining facility at the USAFA ("the Solicitation"), for the same services the Air Force had discussed with DVR and Mr. Hudson.

12. DVR and Mr. Hudson timely submitted an offer in response to the Solicitation.

13. By letter dated May 18, 2006, the Air Force notified DVR that "the State of Colorado is the apparent successful offeror." The letter from the Air Force stated: "It has been determined that the proposal submitted by the State of Colorado falls within the competitive range of all proposals submitted; therefore, it is anticipated that contract award will be made to the State of Colorado." The letter further noted: "Because the State of Colorado is also the incumbent contractor, the food is of high quality comparable to what is currently provided" and that the Randolph-Sheppard preference applied to the contract, such that Colorado would receive the contract so long as its proposal was within the competitive range (which it was).

14. There have been no changed circumstances relating to the operation of the High Country Inn from the date of the Solicitation to the present that would justify canceling or amending the solicitation under FAR 15.206. As of the date of the Solicitation, the Air Force

knew, or should have known, the approximate cost of the services for which it was soliciting. In addition, the Air Force knew, or should have known, of any budget limitations on this procurement.

15. Nonetheless, on or about May 26, 2006, the Air Force notified DVR that it had changed its position and would not proceed to contract, but instead intends to issue a new, reduced-scope, solicitation.

## FIRST CLAIM FOR RELIEF

16. Plaintiffs incorporate by reference the foregoing averments.

17. DVR and Mr. Hudson are interested parties entitled to invoke this Court's power and authority to grant the relief requested herein.

18. In the absence of changed conditions, the United States cannot refuse to award a contract simply in the hope that it can improve upon the result of a competitive solicitation.

19. Accordingly, the Air Force should be compelled to award the contract for the operation of the High Country Inn to DVR and Mr. Hudson or else to pay damages for the breach of that contract.

## SECOND CLAIM FOR RELIEF

20. Plaintiffs incorporate by reference the foregoing averments.

21. DVR and Mr. Hudson are interested parties entitled to invoke this Court's power and authority to grant the declaratory relief requested herein.

23. DVR and Mr. Hudson desire a judicial determination and declaration that they are entitled to a contract after successfully bidding on Solicitation FA7000-06-R-0003.

24. A juridical determination pursuant to 28 U.S.C. §§ 2201-2202 and RCFC 57 is necessary and appropriate at this time.

25. The declaratory judgment sought herein would terminate the uncertainty and controversy giving rise to this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court grant the following relief:

1. Issue a Permanent Injunction prohibiting the Air Force from issuing a new solicitation for food services at the High Country Inn and requiring the Air Force to award the contract for the operation of the High Country Inn to Colorado DVR pursuant to its offer in response to the Initial Solicitation.

2. A judicial determination and declaration that DVR is entitled to a contract successfully bidding on Solicitation FA 7000-06-R-003.

3. Grant Plaintiffs such other relief as the Court deems necessary and just.

Respectfully submitted,

JOHN W. SUTHERS
Attorney General
State of Colorado

By: Wade Livingston (by Andrew D. Freeman)
Wade Livingston
First Assistant Attorney General
State Services Section
1525 Sherman Street, 5th Floor
Denver, Colorado 80203
Telephone: (303) 866-5448
Facsimile: (303) 866-5671 (fax)
E-mail: wade.livingston@state.co.us

Attorneys for Colorado Division of Vocational Rehabilitation

Andrew D. Freeman
Shelly Marie Martin (of counsel)
Brown, Goldstein & Levy, LLP
120 East Baltimore Street, Suite 1700
Baltimore, Maryland 21202
Telephone: (410) 962-1030
Facsimile: (410) 385-0869
E-mail: adf@browngold.com
smm@browngold.com

Attorneys for Don E. Hudson

Dated: June 22, 2006